

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-1677 PSG (VBx) | Date | July 16, 2007 |
| Title | Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):　　　Attorneys Present for Defendant(s):

Not Present　　　Not Present

**Proceedings: (In Chambers) Order Granting Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

Before this Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, without prejudice.

I. INTRODUCTION

Sprinkles Cupcakes, Inc. ("Plaintiff"), a California corporation, brings this trade dress infringement action against Four Unlikely Friends ("Defendant"), a limited liability company based out of Illinois. The facts in the record are contained in pleadings and affidavits submitted by the parties which are in many respects conflicting. The following

DOCKETED ON CM
JUL 17 2007
BY ___
010

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 07-1677 PSG (VBx)                                    Date   July 16, 2007

Title   Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

recitation of the facts will state those facts which are apparently undisputed, while noting the relevant points of conflict.

Plaintiff is a California corporation with its principal place of business in California. Plaintiff currently owns and operates the cupcake stores, "Sprinkles Cupcakes." Since Plaintiff opened its first cupcake store in Beverly Hills, California, in 2005, it has opened two more stores, one in Newport Beach, California, and the other in Dallas, Texas. Plaintiff alleges in its Complaint that it plans to open similar cupcake stores in major cities throughout the United States, including Boston, New York, and Chicago. (Complaint, at ¶2).

Defendant is an Illinois company that is owned and run by four Chicago residents: Margot Chapman ("Chapman"), Pam Rose ("Rose"), Brandon Mayberry ("Mayberry"), and Neil Torman ("Torman"). Defendant currently owns and operates a cupcake store, "Swirlz Cupcakes," which is located in Chicago, Illinois and which first opened in September of 2006. Defendant has no businesses or employees in California, it does not advertise in California, and it does not sell products in California. (Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss, at 1:17-25 ("Pts. & Auth."); Opposition, at 10:5-8).

On April 30, 2006, Chapman and Rose traveled to Los Angeles, California, where they stayed until May 3, 2006. The parties dispute over the purpose of this trip. According to Plaintiff, Defendant "traveled to Los Angeles for the specific purpose of visiting and photographing the Sprinkles stores. . . ." (Complaint, at ¶4). Defendant, on the other hand, claims Chapman and Rose traveled to Los Angeles "on behalf of Kimberly-Clark, which was one of Chapman's consulting clients for [another of Chapman's companies,] Zoom Unlimited. . . ." (Pts. & Auth., at 12:9-10; Chapman Decl., ¶¶ 20-24; Rose Decl., ¶¶ 12-13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-1677 PSG (VBx)                                    Date   July 16, 2007

Title   Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

Both parties agree that during this trip Chapman and Rose visited Plaintiff's Beverly Hills store where they purchased cupcakes and a cupcake tray. Both parties also agree that while visiting Plaintiff's store, Rose took photographs of the exterior and interior of the store. According to Plaintiff, Pam and Rose used the "observations and photos [gathered on this visit], along with other knowledge of Sprinkles, in the course of designing a store with infringing trade dress." (Opposition, at 16:4-7). Defendant, by contrast, claims that Rose, "who is a photo hobbyist and has her camera with her everywhere she goes, took a few photographs to document their trip to California." (Pts. & Auth., at 12:21-22; Rose Decl., ¶ 14). Additionally, Defendant claims that Chapman and Rose "did not take any notes while they were in Sprinkles, did not discuss any particular design features of the store or otherwise focus on any particular aspects of [the] store." (Pts. & Auth., at 12:25-27; Chapman Decl., ¶¶ 22-23; Rose Decl., ¶¶ 14-16). Importantly, Defendant also claims (1) this trip came after Defendant's architectural design firm submitted blueprints for the design of the Swirlz Cupcakes shop; (2) these blueprints were the ones ultimately used to create the features of the Swirlz Cupcakes shop; (3) the "trade dress" for Swirlz Cupcakes was already in place; and, (4) all of the elements that Plaintiff alleges infringe upon its trade dress were already established. (Pts. & Auth., at 13:1-6; Chapman Decl., ¶24; Rose Decl., ¶ 17; Mayberry Decl., ¶ 12; Torman Decl., ¶ 11; see also Exhibits 100, 102, 105, and 106 attached to Supplemental Declaration of Lincoln D. Bandlow).

On March 13, 2007, Plaintiff filed suit against Defendant alleging (1) violation of § 42(a) of the Lanham Act, 15 U.S.C. § 1125 and (2) common law trade dress infringement. On May 9, 2007, Defendant moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction.

The Court GRANTS Defendant's Motion to Dismiss, without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-1677 PSG (VBx)                             Date   July 16, 2007

Title   Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

II.   **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss the complaint on the grounds that the court lacks jurisdiction over the defendant. See Fed. R. Civ. P. 12(b)(2). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir 2004). Where, as here, the court makes its jurisdictional finding based on pleadings and affidavits rather than based on an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).

In determining whether the plaintiff has presented a prima facie case, the court must assume the truth of the complaint's uncontroverted allegations. Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). Once the defendant has contradicted allegations contained in the complaint, however, plaintiff may not rest on the pleadings, and must present admissible evidence to support the court's exercise of personal jurisdiction. Data Disc., Inc. v. Sys. Tech. Ass'n, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). That is, where the motion to dismiss challenges the facts alleged, the court cannot assume the truth of allegations in a pleading contradicted by a sworn affidavit, and the plaintiff must demonstrate facts that would support a finding of jurisdiction. See id. at 1285; Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

III.   **DISCUSSION**

Generally, determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether the forum state's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-1677 PSG (VBx)                              Date   July 16, 2007

Title      Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

federal due process. Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996) (citations omitted). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10). That is, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction over defendant violates the Due Process Clause. Rocke v. Canadian Auto. Sport Club, 660 F.2d 395, 398 (9th Cir. 1981). Thus, jurisdiction is proper over a nonresident defendant "if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted). Under this analysis, a state may exercise either general or specific jurisdiction over a defendant. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

    A.    General Jurisdiction

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," Helicopteros, 466 U.S. at 416 (citing Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952)), that "approximate physical presence" in the forum state. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Plaintiff concedes that Defendant has no businesses or employees in California, that it does not advertise in California, that it does not sell products here, and that Defendant's owners are not residents of California. (Opposition, at 10:5-8). Therefore, because Defendant's contacts fall well short of the "continuous and systematic" contacts that the Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-1677 PSG (VBx)                           Date   July 16, 2007

Title   Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

Court has held to constitute sufficient "presence" to warrant general jurisdiction, see Helicopteros, 466 U.S. at 418, this Court finds general jurisdiction lacking in this case.

    B.    Specific Jurisdiction

Even though there is no general jurisdiction over Defendant in California, it may still be subject to jurisdiction on claims related to its activities or contacts there. Such "specific" jurisdiction requires a showing that:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs of the test. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1555 (9th Cir. 2006). If, however, the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Burger King

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-1677 PSG (VBx) | Date | July 16, 2007 |
| Title | Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes | | |

Corp. v. Rudzewicz, 471 U.S. 462, 476-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). For the reasons that follow, this Court finds that Plaintiff has insufficiently satisfied the first prong of the Ninth Circuit's three-part test for specific jurisdiction.

Under the first prong of the Ninth Circuit's three-part specific jurisdiction test, Plaintiff must establish that Defendant either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California. While a purposeful availment analysis is most often used in suits sounding in contract, a purposeful direction analysis is most often used in suits sounding in tort. Schwarzenegger, 374 F.3d at 802. Because this suit is more akin to a tort case than a contract case, the purposeful direction analysis applies here. See Panavision, 141 F.3d at 1321 (applying the purposeful direction analysis in a trademark infringement action because trademark infringement is "akin to a tort case").

Under Ninth Circuit precedents, the purposeful direction requirement is analyzed under the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 904 (1984). See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). The effects test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id.; see also Bancroft & Masters, 223 F.3d at 1087.

Because Defendant does not dispute that it acted intentionally, this Court skips to the "express aiming" prong of the effects test. This prong is satisfied when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Bancroft & Masters, 223 F.3d at 1087.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-1677 PSG (VBx) | Date | July 16, 2007 |
| Title | Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes | | |

Plaintiff argues that this prong is satisfied because "Defendant's owners visited California, photographed the Sprinkles store while here in California, and used these observations and photos, along with other knowledge of Sprinkles, in the course of designing a store with infringing trade dress." (Opposition, at 16:4-7). Defendant claims, on the other hand, that this contact is insufficient to confer personal jurisdiction because the trip came

> after Swirl[z] Cupcakes' architectural design firm submitted blueprints for the design of the Swirlz Cupcakes shop that were the ones that were ultimately used to create the features of the Swirlz Cupcakes shop, the "trade dress" for Swirlz Cupcakes was already in place and all of the elements that Sprinkles alleges infringe upon Sprinkles' alleged trade dress were already established.

(Pts. & Auth., at 13:2-6); see also Chapman Decl., ¶ 24; Rose Decl., ¶17, Mayberry Decl., ¶12, Torman Decl., ¶11.

When a district court rules on a jurisdictional challenge by relying on pleadings and affidavits, uncontroverted allegations in the complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. Harris Rutsky, 328 F.3d at 1129; see also ATT Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). Because Defendant has submitted affidavits which dispute the jurisdictional facts, Plaintiff's jurisdictional allegations are not "uncontroverted" and Plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting jurisdiction." Ambar Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977). Here, Plaintiff did not submit any affidavits or competent evidence that would support its claim that Defendant's owners used their observations from their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 07-1677 PSG (VBx)                           Date   July 16, 2007

Title   Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

California trip in the course of designing a store with infringing trade dress. In fact, the depositions of Rose and Chapman – which both parties submit as evidence – actually support Defendant's claim that the design of Swirlz Cupcakes was done without reference to Sprinkles Cupcakes.

    Defendant's declarations and Rose and Chapman's deposition testimony adequately rebut Plaintiff's unsupported allegation that Defendant's owners used knowledge they gathered on their visit to California in the course of designing a store with infringing trade dress. See Data Disc., 557 F.2d at 1284 (noting the court may not assume the truth of allegations in a pleading which are contradicted by affidavits). Defendant's Motion to Dismiss, and the evidence submitted by Defendant in support of it, clearly challenge personal jurisdiction over it. Since the party asserting jurisdiction has the burden of establishing its existence when challenged, Taylor, 383 F.2d at 639, it was incumbent upon Plaintiff to come forward with facts, by affidavit or otherwise, to support jurisdiction. Ambar Mktg., 551 F.2d at 787. Plaintiff, however, rested its case on the bare allegations of its Complaint. Since, Plaintiff has failed to carry its burden of making a *prima facie* showing that Defendant has sufficient minimum contacts with California to warrant the exercise of personal jurisdiction over Defendant in California, this Court finds that assertion of personal jurisdiction over Defendant would violate principles of due process.[1]

---

[1] Because Plaintiff has failed to satisfy the second requirement of the effects test, this Court need not determine whether Plaintiff satisfies the remainder of the effects test or the second and third prongs of the Ninth Circuit's three-part specific jurisdiction test. See Sher, 911 F.2d at 1367.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 07-1677 PSG (VBx)                              Date   July 16, 2007

Title    Sprinkles Cupcakes, Inc. v. Four Unlikely Friends, LLC d/b/a Swirlz Cupcakes

IV.  CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss for lack of personal jurisdiction, without prejudice.

Initials of Preparer